United States District Court
Southern District of Texas

**ENTERED**

August 30, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. H-17-537-2 |
| | § | |
| OMAR PICAZO-TORRES | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Omar Picazo-Torres, federal prisoner registration number 16710-479,[1] filed a *pro se* motion seeking a compassionate release under 18 U.S.C. § 3582(c)(1)(A), appointment of counsel, and a sentence reduction under the amended "safety valve" provisions of 18 U.S.C. § 3553(f). (Docket Entry No. 134.) The Government filed a response in opposition. (Docket Entry No. 135.)

Having considered the motion, the response, the record, and the applicable law, the Court **DENIES** the motion, as explained below.

## I.  BACKGROUND\

Defendant is a 31-year-old male prisoner currently confined at the Bureau of Prisons ("BOP") Yazoo City Medium FCI in Mississippi. Defendant pleaded guilty before this Court to one count of conspiracy to transport and harbor illegal aliens for commercial advantage or private financial gain. On March 22, 2023, the Court sentenced him to a 42-month term

---

[1]Defendant was indicted, convicted, and sentenced under the name Omar Picazo-Torres. For reasons unclear in the record, he is identified by the Bureau of Prisons as Omar Patino-Torres, and he identifies himself in the instant motion as Omar Patino-Torres.

of incarceration, followed by a three-year term of supervised release.  The BOP currently reports defendant's anticipated release date as September 4, 2025.  Defendant acknowledges he is a citizen of Mexico subject to deportation following his release from prison.

Defendant argues he is entitled to a compassionate release and/or sentence reduction under two primary grounds:

1.   Harsh prison conditions and "four years of pandemic-induced conditions of confinement" at Yazoo City Medium FCI are extraordinary and compelling reasons for a compassionate release.

2.   He is entitled to a two-level sentence reduction under the amended safety valve provisions.

The Government argues defendant is not entitled to relief.

## II. LEGAL STANDARDS

Defendant moves for a compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). This provision authorizes federal prisoners to request compassionate release from imprisonment based on "extraordinary and compelling reasons."  A prisoner seeking a compassionate release on his own motion must show:  (1) exhaustion of administrative remedies; (2) extraordinary and compelling reasons that justify the sentence reduction; (3) the reduction is consistent with the United States Sentencing Commission's applicable policy statements; (4) consideration of applicable section 3553(a) sentencing factors weighs in favor of relief; and (5) that he or she is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g). *See* UNITED STATES SENTENCING GUIDELINES § 1B1.13(a); *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

In the alternative, defendant seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on amended "safety valve" provisions of 18 U.S.C. § 3553(f) and sentencing guidelines. He claims that his sentence would be "dramatically less/lower" than 42 months if he were sentenced today.

The Government does not move to dismiss for failure to exhaust, and the Court will presume for purposes of the pending motion that defendant exhausted his administrative remedies.

### III.  ANALYSIS

A.    Extraordinary and Compelling Reasons

Defendant argues that "harsh prison conditions, extreme lock downs," "severe shortage of staff," quarantines and being away from his family, and "four years of pandemic-induced conditions of confinement" at Yazoo City Medium FCI are extraordinary and compelling reasons for a compassionate release.

Defendant presents no explanation, factual allegations, or evidence in support of these generalized assertions.[2] Moreover, defendant was sentenced in March 2023; it is not possible

---

[2]Although defendant refers to an Attachment 3, the attachment is a sheet of paper with the handwritten phrases, "harsh prison conditions, letter from BOP union president, 'whistleblower' e-mail." (Docket Entry No. 134, p. 17.)  The attachment provide no basis or support for a compassionate release.

for him to have experienced "four years of pandemic-induced conditions of confinement" at Yazoo City Medium FCI or at any other BOP facility.  No extraordinary and compelling reasons for a compassionate release are shown.

Defendant also argues that his rehabilitation warrants a compassionate release.  He states that he has been thoroughly rehabilitated after fourteen months in prison, and that his prison record is "sterling clean" and "flawless," except for a disciplinary infraction of an undisclosed nature.  Although defendant mentions "First Step Act classes, Christian services, drug classes, ESL, and gainful employment," he provides no certificates of completion or other information.  (Docket Entry No. 134, p. 13.)

Under 28 U.S.C. § 994(t) and United States Sentencing Guideline ("U.S.S.G.") § 1B1.13(d), rehabilitation of a defendant is not itself an extraordinary and compelling reason for a compassionate release, but can be considered in combination with other circumstances in determining whether and to what extent a reduction in a defendant's term of imprisonment is warranted.  Thus, defendant's unsupported allegations of rehabilitation provide no basis for a compassionate release in this case.

Although defendant indicated that his "family may send letters to the Court" in support of his release, the Court has not received any letters in this case.  *Id.*  Defendant provides no information as to his post-release living arrangements and employment plans if his motion were to be granted.

Defendant demonstrates no extraordinary and compelling reasons for a compassionate release, and his motion is **DENIED** as to this claim.

B.    Sentencing Factors

Even assuming defendant had demonstrated extraordinary and compelling reasons for a compassionate release, the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) would weigh against a compassionate release in his case.

Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider such factors as (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (i) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (ii) to afford adequate deterrence to criminal conduct; and (iii) to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a). Courts must consider these factors, as applicable, in determining a motion for compassionate release.

During sentencing in this case, the Court noted that defendant had a history of repeatedly violating the law and receiving lenient sentencing. The Court told defendant,

> Sir, I have great sympathy for your children. I'm afraid your profile doesn't cause me to also have great sympathy for you, sir.

*    *    *

> The only mitigation I see in your situation, sir, is I think you've been sent the wrong signal by our justice system. You've received sentences that are

entirely too light for your conduct. I can see how you began to feel that you could defy the law with impunity.

(Docket Entry No. 130, p. 12.)

In connection with the underlying offense, defendant both possessed and made credible threats of violence using a firearm while harboring the persons he was smuggling into the United States. (Docket Entry No. 105, at ¶ 11.) As shown in the PSR and as emphasized by the Government during sentencing, the aliens being transported by defendant had promised to pay a certain fee, and had paid it. Nevertheless, defendant "held a gun on them and did not allow them to leave until they paid extra money." (Docket Entry No. 130, p. 9.) Whether motivated by personal monetary gain (as stated in the PSR) or by co-defendants who told him to get more money (as defendant stated at sentencing), the fact remains that defendant demanded money from his victims at gunpoint.

Moreover, defendant's motion strongly indicates that he continues to view the law, the judicial system, and prison "with impunity." In lieu of evincing remorse for his criminal actions or showing steps he has taken to grow beyond his criminal past,[3] defendant contends he is no worse than other criminals in prison and complains that his sentence is unduly harsh. (Docket Entry No. 134, pp. 11–12). In generalized terms with no supporting evidence, defendant argues that "[his] criminal history . . . does not render him an outlier in relation to

---

[3]Defendant states in his motion that, while imprisoned over the past fourteen months, he has "compil[ed] an extraordinary and commendable prison record of rehabilitation." (Docket Entry No. 134, p. 12.) In support, he refers the Court to Exhibit 2. *Id.* There is no Exhibit 2.

6

other criminal defendants charged and convicted for similar offenses. In fact, criminal history places him within the landscape of 'typical' defendants whose sentences have nevertheless been reduced pursuant to the First Step Act." *Id.* Defendant's sentence was not harsh, much less unduly harsh; his sentencing range was calculated at a total offense level of 19 and a criminal history category of III, resulting in a sentencing range of 37–46 months. (Docket Entry No. 117.) The Court imposed a 42-month sentence, towards the middle of the sentencing range.

Additionally, defendant acknowledges that he will be deported to Mexico once he is released from prison, and suggests that granting him a compassionate release would expedite his removal from the United States. Defendant is a citizen of Mexico, and his anticipated deportation will be his fourth removal from the United States and deportation to Mexico. *Id.* Although he promises he "will never return to this country ever again" (Docket Entry No. 130, p. 9), defendant's poor track record in this regard negates his credibility.

Under section 3553(a), the Court must consider whether reducing defendant's sentence to time served would "promote respect for the law, provide just punishment, [and] afford adequate deterrence." In light of defendant's criminal history, the violent nature of his underlying crime in this case, and the length of time remaining on his sentence, the Court is of the opinion that reducing defendant's sentence to time served would not promote respect for the law, provide just punishment, or afford adequate deterrence for future criminal acts.

C.    Safety Valve Amendment

Defendant also claims entitlement to a two-level sentence reduction pursuant to the amended safety valve provisions under 18 U.S.C. § 3553(f).  He contends, with no supporting factual allegations or further explanation, that if he were sentenced today, his sentence would be "dramatically less/lower."  His claim lacks merit.

To the extent defendant is arguing that he should have been given a lower sentence under the safety valve provision, he cannot use 18 U.S.C. § 3582(c) to raise sentencing errors or challenge the calculation of his sentence. *See U.S. v. Escajeda*, 58 F.4th 184, 187–88 (5th Cir. 2023).  No grounds for a sentence reduction under 18 U.S.C. § 3582(c)(2) are shown.

To the extent defendant is seeking a two-level sentencing reduction here under the amended safety valve sentencing guideline provisions of U.S.S.G. § 5C1.2(a), no relief is warranted.  The amended guideline provisions that went into effect on November 1, 2023, apply only to certain enumerated convictions involving controlled substances.  Defendant was not convicted of a controlled substance offense, and amended section 5C1.2(a) affords him no basis for a sentence reduction in this proceeding.

Defendant's request for a sentence reduction under the amended safety valve provisions is **DENIED**.

## IV.  CONCLUSION

Defendant's motion for a compassionate release or sentence reduction (Docket Entry

No. 134) is **DENIED**.  Defendant's request for appointment of counsel is **DENIED AS**

**MOOT**.

Signed at Houston, Texas, on this the 28th day of August, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

9